BRUCE F. STANFORD, ABA No. 8606031
LAW OFFICES OF BRUCE F. STANFORD, LLC
P.O. BOX 873
SEWARD, ALASKA 99664
Tel. (907) 224-3458; Fax (907) 224-3459

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT SEWARD

SAMUEL W. OETINGER, )
)
Plaintiff, )
)
v. )
)
USAA CASUALTY INSURANCE )
COMPANY, )
)
Defendant. )
_____) Case No.: 3SW-17-33 CI

## COMPLAINT

COMES NOW the Plaintiff, Samuel W. Oetinger, by and through his counsel, the Law Offices of Bruce F. Stanford, LLC, and for his complaint against Defendant USAA Casualty Insurance Company states and alleges as follows:

1. That at all times material hereto, Plaintiff was and is a resident of Seward, Alaska.

2. That all times material hereto, Defendant USAA Casualty Insurance Company (hereinafter referred to as "USAA") was and is an insurance company doing business in Seward, Alaska.

3. On or about February 23, 2016, a motorist named Donna M. Delancey while driving northbound, negligently and/or recklessly operated a motor vehicle, a Buick Rendezvous, Alaska license plate number: ELS694 when she fell asleep at the wheel crossing the centerline and colliding at high impact (each vehicle traveling at 55 mph) with the southbound vehicle and trailer

1 Complaint, *Oetinger v. USAA, 3SW-17-33 CI*

USAA Confidential

Plaintiff was driving at Mile 107.9 of the Seward Highway thereby causing grievous bodily injury to the Plaintiff.

4. The vehicle the Plaintiff was driving was a Ford Excursion, Alaska license plate number EVZ488 that had a trailer in tow was owned by Mark S. Kulstad and insured by Defendant USAA Policy Number 027388671016, Claim Number 02-8C18 377. The vehicle and trailer were declared a total loss and State Farm compensated the owner and/or USAA for same.

5. The Plaintiff fell within the meaning of the terms of policy as an insured. USAA's Policy entitled the Plaintiff to $25,000.00 in Med Pay Benefits. USAA's UIM/UM policy limits were $300,000 each person, and $500,000 each accident.

6. An Alaska State Trooper investigated the collision. The investigating officer determined that Donna M. Delancey fell asleep at the wheel and crossed over the centerline and struck the oncoming suburban and trailer that the Plaintiff was operating.

7. The investigating Alaska State Trooper cited Donna M. Delancey for violating provision(s) of the motor vehicle code.

8. The Defendant was negligent *per se* while the Plaintiff did no improper driving and was not negligent.

9. Donna M. Delancey was liable for past, current and/or future: medical expenses, wage loss, diminished earning capacity, pain, suffering, disability, and loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages.

10. The Plaintiff settled his personal injury claim for personal injury damages as against Donna M. Delancey for her State Farm automobile insurance policy limits of $100,000.00 and Rule 82 attorney's fees in the amount of $12,500.00 for a total of $112,500.00, but only after putting USAA on notice of the settlement and its express approval of same.

USAA Confidential

0901119c9a58f503

11. Under the terms of the insurance coverage USAA sold to its insured Mark S. Kulstad, USAA agreed to pay the medical payment fee of up to $25,000.00 for medically necessary and appropriate medical services sustained by an insured in an auto accident; and incurred for services rendered within one year of the auto accident.

12. The Plaintiff and/or his medical providers submitted medical expenses to USAA for treatment claimed as related to the 2/23/2016 collision.

13. USAA determined that some or all of the medical expenses claimed as related to the 2/23/2016 collision by one or more of the Plaintiff's medical providers were not compensable.

14. USAA denied and/or delayed payment in full or part for medical expenses claimed as related to the 2/23/2016 collision under their purported medical billing evaluation system. Said system were dilatory in nature and proximately caused the Plaintiff undue emotional distress. Defendant's scheme was either negligent and/or calculated to cause negligent and/or intentional emotional distress to the Plaintiff i.e., one of the predictable fallouts being financial hardship and the dunning of his credit due to unpaid medical bills that the Defendant should have paid. As such the Defendant has exposure for bad faith i.e. punitive damages pursuant to provisions as set forth in AS 09.17.020.

15. Despite requests for a detailed analysis from USAA none has ever been produced regarding its evaluation judgments. As of this date one or more medical bills are still due and outstanding.

16. Payments denied in whole or in part by USAA actually met the requirements for payment under the terms of the insured's medical payments coverage and their actions violated the covenant of good faith and fair dealing that is required under Alaska law.

USAA Confidential

17. USAA is liable for breach of contract.

18. USAA's breach of contract was a substantial factor in causing harm to the Plaintiff including but not limited to mental anguish and disparagement of his credit rating due to the fact the medical care providers have and/or are dunning the Plaintiff's credit rating his credit due to collections actions that are foreseeable consequences of USAA's breach.

19. USAA's breach of contract was in bad faith in reckless disregard to the interests of the Plaintiff and exemplary damages are warranted.

20. USAA's actions are fraudulent and tortious and require exemplary damages under Alaska law.

21. USAA is liable for past medical expenses up to $25,000.00 under the terms of the policy.

22. USAA's conduct makes it liable for Plaintiff's actual attorney's fees

23. Under the terms of USAA's insurance agreement it agreed to pay UIM coverage $300,000/$500,000. Because the Plaintiff obtained express authority to settle with State Farm for Mrs. Delancey's policy limits of $100,000 the Plaintiff is entitled to $200,000 in excess coverage as per the terms of the UIM policy as he has already been paid $100,000 by the State Farm driver.

24. USAA has been provided medical information that Mr. Oetinger has sustained damages that may require spinal surgery and hospitalization i.e., future medical treatment in the range of $150,000. This information was provided to USAA to take into consideration pain, suffering, disfigurement and possible loss of livelihood of being a sports fishing guide and hunting outfitter and that his damages exceed $450,000.00.

0901119c9a58f503
USAA Confidential

25. USAA was intentionally unreasonable in failing to provide the Plaintiff with a detailed written response and/or counter offer with regards to Plaintiff's reasonable efforts to settle/resolve his claims with USAA.

26. USAA had owed a duty to the Plaintiff to properly adjust and pay under the policy. The defendant is liable for negligent and/or reckless adjustment which was a substantial factor in causing harm to the Plaintiff resulting in dam

27. The defendant is liable for negligent infliction of emotional distress which was a substantial factor in causing harm to the Plaintiff.

28. Said failure is also a breach of contract of good faith and fair dealing. Said tortious action by USAA and its adjustors were made in bad faith with no written detailed evaluation of their response to the claim.

29. The Plaintiff alleges that paragraph 1 through 28 as if fully incorporated herein constitute the following counts and/or causes of action: breach of contract; breach of the covenant of good faith and fair dealing; tortious disparagement of Plaintiff's creditworthiness; negligent infliction of emotional distress, intentional infliction of emotional distress, failure to properly adjust and pay under the terms of the UIM policy and said actions constitute bad faith and entitles the award of punitive damages based upon a multiplier of the Plaintiff's actual damages.

30. The Plaintiff specifically reserves his right to freely amend his complaint as he deems necessary under the circumstances.

31. That this matter be tried before a jury of the Plaintiff's peers in Seward, Alaska.

/

/

/

5 Complaint, *Oetinger v. USAA*, 3SW-17-33 CI

0901119c9a58f503  USAA Confidential

## PRAYER FOR RELIEF

WHEREFORE, having fully pled Plaintiff's complaint, the Plaintiff requests a judgment against the Defendant as follows:

1. That Plaintiff is entitled to damages in an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) as set by the trier of fact;

2. That Plaintiff is entitled to punitive exemplary damages and/or punitive damages for the Defendant's reckless disregard to the interest of the Plaintiff in an amount greater than $100,000 (ONE HUNDRED THOUSAND DOLLARS), as set by the trier of fact pursuant to any applicable provision of AS 09.17.020;

3. That Plaintiff is entitled to his actual attorney's fees or no less than what is set forth in ARCP 82, ARCP 79 interest and costs and

4. For such other relief as the Court deems just under the circumstances.

RESPECTFULLY SUBMITTED at Seward, Alaska this 20th day of April 2017.

LAW OFFICES OF BRUCE F. STANFORD, LLC

*/s/ Bruce F. Stanford/*

BRUCE F. STANFORD, Attorney for Plaintiff
Alaska Bar No. 8606031

6 Complaint, *Oetinger v. USAA*, 3SW-17-__CI

0901119c9a58f503

USAA Confidential